IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.        No. CR 13-4065 JB

GEORGE ROYBAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion to Continue Trial, filed January 31, 2014 (Doc. 20)("Motion to Continue"). The Court held a hearing on February 4, 2014. The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served in granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial. Furthermore, the Court finds that the United States gives sufficient reasoning in its Motion to Continue to satisfy United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).

## PROCEDURAL BACKGROUND

In United States v. Roybal, CR 12-3182 JB (D.N.M. filed Dec. 12, 2012)("Roybal I"), a federal Grand Jury sitting in Las Cruces, New Mexico, returned an Indictment, filed December 12, 2012 (CR 12-3182 Doc. 2)("Roybal I Indictment"), charging Defendant George Roybal and 10 others with, among other things, conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Roybal I Indictment at 2-3. Roybal was also charged with the substantive offenses of distribution of 500 grams or more of cocaine and distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(D), and 18 U.S.C. § 2. See Roybal I

Indictment at 3; id. at 6.   The allegations forming the basis for the substantive offenses are based, in large part, on the testimony of a confidential human source ("CHS-1"), who was working for the Federal Bureau of Investigation.   Motion to Continue ¶ 1, at 1.

On December 18, 2012, the Honorable Robert Hayes Scott, United States Magistrate Judge for the District of New Mexico, issued a Detention Order Pending Trial (CR 12-3182 Doc. 89)("Roybal I Detention Order"), finding Roybal was both a serious flight risk and a serious danger to the community.   Roybal I Detention Order at 2.   On January 24, 2013, Roybal appealed Judge Scott's Roybal I Detention Order, seeking release on his own recognizance or, in the alternative, release to the third-party custody of an unnamed fiancée.   See Appeal of Detention Order at 1, filed January 24, 2013 (CR 12-3182 Doc. 179).   On February 12, 2013, the Court issued an Order releasing Roybal to the third-party custody of the La Pasada Halfway House, subject to strict conditions.   See Order Setting Conditions of Release, filed February 12, 2013 (CR 12-3182 Doc. 206)("Roybal I Order of Release").

On April 4, 2013, upon the parties' stipulation, the Court modified the Roybal I Order of Release, and released Roybal from the Halfway House and placed him under the third-party supervision of his fiancée.   See Stipulated Order Modifying Conditions of Release, filed April 4, 2013 (CR 12-3182 Doc. 254).   The Court made further slight modifications to Roybal's conditions of release on May 14, 2013, and on August 14, 2013.   See Stipulated Order Modifying Conditions of Release, filed May 14, 2013 (CR 12-3182 Doc. 279); Order Amending Conditions of Release, filed August 14, 2013 (CR 12-3182 Doc. 325).

On December 11, 2013, Roybal was arrested and charged with tampering with a witness in violation of 18 U.S.C. § 1512 in a separate case, United States v. Roybal, CR 13-4065 JB (D.N.M. filed Dec. 17, 2013)("Roybal II").   The basis of the charge was that Roybal threatened CHS-1

through CHS-1's relative ("CHS-2").  Motion to Continue ¶ 6, at 2.  On December 12, 2013, the Honorable Karen B. Molzen, Chief United States Magistrate Judge for the District of New Mexico, issued a Detention Order Pending Trial (Doc. 10).

On December 27, 2013, Roybal was arraigned on the Indictment, filed December 17, 2013 (Doc. 9).  See Arraignment Minute Sheet, filed December 27, 2013 (Doc. 13).  On January 20, 2014, Roybal moved the Court to prohibit the United States from making any reference to Roybal I.  See Motion in *Limine* at 1-2, filed January 20, 2014 (Doc. 16).  On January 22, 2014, Roybal asked the Court to issue a pre-trial ruling permitting him to "introduce evidence of CHS-1 and CHS-2's criminal history."  Second Motion *In Limine* at 1, filed January 22, 2014 (Doc. 17).

Between January 23, 2014, and January 29, 2014, the parties attempted to negotiate a resolution to both cases, but were unsuccessful.  See Motion to Continue ¶ 11, at 3.  On January 30, 2014, Roybal moved the Court to issue a pre-trial ruling prohibiting the United States from introducing evidence of Roybal's 2008 arrest for battery on a household member.  See Third Motion *In Limine* at 2, filed January 30, 2014 (Doc. 18).

To satisfy the seventy-day requirement under 18 U.S.C. § 3161(c)(1), Roybal's trial in this case should commence no later than March 7, 2014.  See Motion to Continue ¶ 14, at 3.  The filing of a pretrial motion stops the running of the Speedy Trial clock under 18 U.S.C. § 3161(h)(1)(D).  See United States v. Tinklenberg, 131 S. Ct. 2007, 2012 (2011)("[T]his provision stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins.").  See also United States v. Vogl, 374 F.3d 976, 985 (10th Cir. 2004)(stating that exclusions under 18 U.S.C. § 3161(h)(1)-(6) are "automatic.").  Plaintiff United States of America asserts that it is working on responses to Roybal's three motions in limine and contends that the time between when Roybal

filed the motions to when the Court rules on the motions will be excluded from the seventy-day requirement under 18 U.S.C. § 3161(c)(1).  See Motion to Continue ¶ 16, at 4.

Because the charges in this case are connected to the charges in Roybal I, the United States represents that it plans to join the charges in Roybal I with the charges in this case.  See Motion to Continue ¶ 17, at 4.  The United States points out that such joinder is proper under rule 8 of the Federal Rules of Criminal Procedure.  See generally United States v. Barrett, 496 F. 3d 1079, 1097 (10th Cir. 2007)(rejecting the defendant's misjoinder argument and "constru[ing] Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." (internal quotation marks omitted)); United States v. Davis, 724 F. 3d 949, 955-56 (7th Cir. 2013)(finding witness intimidation properly joined with bank robbery charges based upon similarly connected offenses); United States v. Little Dog, 398 F. 3d 1032, 1037 (8th Cir. 2005)(permitting joinder of obstruction charge and underlying sexual abuse charge).  The United States asserts that it plans to present both charges to the next available Grand Jury, which is February 11, 2014 -- one day after the current trial date in this case.  See Motion to Continue ¶ 18, at 4-5.  Trial in Roybal I is currently set for May 19, 2014.  See Motion to Continue ¶ 18, at 5.

At the hearing, the United States indicated that it did not want -- for his personal safety reasons -- to have CHS-1 testify in Roybal II and would not have him testify if it was forced to go to trial on February 10, 2014.  See Transcript of Hearing at 5:24-6:11 (Myers), taken February 4, 2014 ("Tr.").[1]  The United States plans, however, to have CHS-1 testify in Roybal I.  See Tr. at 6:7-9 (Myers).  The United States also conceded that, if the Court does not grant its Motion to Continue, it will seek approval to dismiss Roybal II before trial.  See Tr. at 25:15-24 (Myers).

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

- 4 -

## ANALYSIS

The Court finds that the Motion to Continue will serve the interests of justice. Without deciding whether joinder of the charges against Roybal in Roybal I and in Roybal II satisfies rule 8, the Court notes that the facts underlying this case -- allegations of witness tampering -- are related to several charges in Roybal I -- the underlying drug trafficking case. The United States holds all of the cards in this case. If the Court does not grant the United States' Motion to Continue, it is likely that it will return to its offices and dismiss the indictment. Thus, there is unlikely to be a trial, one way or another. The Court might as well be an adult about the situation and continue the trial in an orderly way. The Grand Jury meets every other week, so it could not supersede the week before February 10, 2014, but only the week of February 10, 1014. Thus, while the United States could have dealt with the issue earlier, it reasonably explains that it did not, because the parties were talking about settlement in both cases. The Court will set the trial for February 18, 2014. If the United States has not secured a superseding indictment in Roybal I and has not dismissed the case by that point, the Court will try the case on that date.

There are other sound reasons to continue the trial eight days. There are no Speedy Trial Act problems. Even without the party's motions, the seventy-day limit under the Speedy Trial Act would not run until March 7, 2014. With the party's motions, it would not run for even longer. The current trial date of February 10, 2014, was simply set by the Court as a routine scheduling matter; all cases are set for trial when assigned to the Court. There is nothing magical about the date, except that it falls within the seventy days and complied with the Speedy Trial Act. Accordingly, there is no Speedy Trial Act problem in moving the trial out a few days.

Further, Roybal loses nothing or little by the continuance. If he wishes to sever the different charges, he may move to do so. The benefit of that is that the Court makes an informed

decision, with full briefing and argument on severance, rather than implicitly making that decision without being fully informed by denying the Motion to Continue. Finally, Roybal's desire to try the case on February 10, 2014, seems to be driven by his desire to be released from custody. If he wants to be released, he can so move. The Court can then, on a more robust record, decide whether he should be detained. The Court should not try to decide that issue, implicitly or explicitly, on a Motion to Continue, or let that issue play too much of a role in deciding whether to continue the trial for eight days.

Moreover, the Court concludes that the United States' interests in efficiency in at least attempting to try all charges against Roybal in one trial, and having CHS-1 appear in one trial, outweigh Roybal's interests in proceeding to trial on February 10, 2014. The Court is concerned about CHS-1's safety, although it obviously has not and cannot make any determination about this issue without more evidence. The extension of one week and one day -- to February 18, 2014 -- is not longer than necessary to allow the United States to determine whether a Grand Jury will return a superseding indictment in Roybal I to consolidate the charges contained in this case with the charges in Roybal I.

After weighing the best interests of the public and of Roybal with the ends of justice, the Court finds that granting the Motion to Continue will strike a proper balance between the ends of justice and the best interests of the public and of Roybal for the reasons stated in the Motion to Continue and at the hearing. Specifically, the United States' need and desire to supersede the indictment in Roybal I and dismiss Roybal II outweigh his and the public's interest in a speedy trial. See 18 U.S.C. § 3161(h)(7). The Court will set the trial for February 18, 2014. The eight-day continuance is sufficient, without being greater than necessary, for the United States to complete the tasks set forth in its Motion to Continue.

**IT IS ORDERED** that: (i) the United States' Opposed Motion to Continue Trial, filed January 31, 2014 (Doc. 20)("Motion to Continue"), is granted; (ii) the trial set for February 10, 2014, is vacated, and rescheduled for February 18, 2014 at 9:00 a.m.; (iii) that by granting the Motion to Continue, pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court hereby excludes all time from the entry of this Order granting the continuance to the new jury trial setting for the purposes of the Speedy Trial Act.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven C. Yarbrough
   Acting United States Attorney
Joel R. Meyers
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Samuel L. Winder
Walz & Associates
Albuquerque, New Mexico

     *Attorneys for the Defendant*